SHELLEY v. WESTCHESTER LIGHTING CO.

(Supreme Court, Appellate Division, Second Department.   July 29, 1910.)

GAS (§ 22*)—SUPPLY TO PRIVATE CONSUMERS—REFUSAL TO SUPPLY—ACTION FOR PENALTY.

In an action against a gas company under Transportation Law (Laws 1890, c. 566) § 65 (now Transportation Corporation Law [Consol. Laws, c. 63] § 62), requiring the furnishing of gas on the written application of the occupant of any building, etc., to recover the penalty imposed for failure to furnish it, evidence that plaintiff signed a blank application that defendant's agent accepted the application and left the meter open, whereby plaintiff was supplied with gas for two days, and that thereafter, on another employé's locking the meter because of an unpaid bill of a third party plaintiff complained to defendant, warranted a judgment for plaintiff; that the word "gas" was not written in the blank space provided in the application not showing, under the facts, a verbal application.

[Ed. Note.—For other cases, see Gas, Dec. Dig. § 22.*]

Appeal from Trial Term, Westchester County.

Action by Annie Shelley against the Westchester Lighting Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

See, also, 128 App. Div. 890, 112 N. Y. Supp. 1146.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, JENKS, and THOMAS, JJ.

Odell D. Tompkins, for appellant.
John Brooks Leavitt, for respondent.

WOODWARD, J.   The essential facts are practically undisputed in this case.   The plaintiff, on the 19th day of August, 1905, was the occupant of certain premises in the city of Yonkers.   Just prior to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiff taking possession, these premises had been occupied by one Helen Keller, who departed, leaving a gas bill unpaid to the defendant. On the date above mentioned, which appears to have been a Saturday, one of the defendant's gas fitters, Perrine, called at the premises, was informed of the change of tenancy, and that the new tenant, the plaintiff, wished to be supplied with gas. Perrine thereupon indorsed upon his order card "transferred" and "Mrs. Shelley takes," and left the meter open for the plaintiff's use. Mrs. Shelley testifies that at the same time Perrine told her that if she would sign a blank order, which he produced, he would see that the gas was furnished. Mrs. Shelley signed the application, with all of the blanks left unfilled, with the exception of the residence, and delivered the same to the defendant's agent, and the defendant produced this application upon the trial. This testimony of Mrs. Shelley is not disputed, and is not questioned on this appeal.

On the Monday following this transaction, the plaintiff having in the meantime been receiving the defendant's gas, another of defendant's employés, one Baker, called at the premises, presented to the plaintiff a bill of the company against Helen Keller, and, on the plaintiff refusing to pay it, locked the meter. The plaintiff testified, and she is not disputed, that she thereupon went to the office of the defendant and found an old man with gray hair behind the desk, that she complained to him that her gas had been shut off for nonpayment of the bill of a third party, and that this man said to her that he would look into it, but from that time down to the commencement of this action in June, 1906, no gas was furnished to the plaintiff. The purpose of this action is to recover the penalty of $10, with $5 per day for each day on which the defendant has refused or neglected to furnish gas, under the provisions of section 65 of the transportation law (Laws 1890, c. 566), now section 62 of the transportation corporation law (Consol. Laws, c. 63). The plaintiff has judgment for $1,769.83, and the defendant appeals from such judgment.

The only point necessary to be considered upon this appeal (the case having been previously before this court on demurrer—128 App. Div. 890, 112 N. Y. Supp. 1146) is the contention of the defendant that the application of the plaintiff was insufficient. The statute provides that:

"Upon the application, in writing, of the owner or occupant of any building or premises within one hundred feet of any main laid down by any gas light corporation, or the wires of any electric light corporation, * * * the corporation shall supply gas or electric light as may be required for lighting such building or premises," etc.

There is no dispute that the plaintiff did sign a printed blank furnished by the defendant's agent, with the understanding on her part that she was making the necessary application for gas from the defendant, and the defendant concedes in its replying brief upon this appeal that this transaction between Mrs. Shelley and its agent constituted a contract for the supplying of gas, which contract has been violated by the defendant; but its contention appears to be that the contract for supplying gas, and which was partially performed on its

part, may have been a verbal contract, and that this would not bring the case within the statute. But it was not a verbal contract. The defendant's agent required her to sign a blank contract furnished by the defendant. This contract recites that:

"....... hereby make application to the Westchester Lighting Company, for ...... to be supplied under the rules and regulations of the company to the premises No. 15 Vineyard Ave., occupied by ...... as a ......, and agree to pay for the same promptly at the regular price and according to the rules of the company, it being understood that the minimum charge will be $...... per month," etc.

The defendant put its own construction upon this contract by furnishing gas for two days, and by entering the account upon its own books as for gas, and there can be no doubt of the right and of the duty under the circumstances of the defendant to fill up the blanks. Weyerhauser v. Dun, 100 N. Y. 150, 155, 2 N. E. 274 and authorities there cited; Nat. Exchange Bank v. Lester, 194 N. Y. 461, 471, 87 N. E. 779, 21 L. R. A. (N. S.) 402. The plaintiff did make an application in writing. It was an application to deliver something "to the premises No. 15 Vineyard Ave.," and the defendant, acting upon that contract—for no other is shown—delivered gas for a period of two days, and then shut it off, notwithstanding the fact that the plaintiff personally appeared at the office of the defendant and complained of such action.

We are clearly of the opinion that the plaintiff performed all of the conditions necessary to put the statute in motion, and that she is entitled to recover in this action. To hold that this application was not in writing, because the defendant had failed to physically insert the word "gas," where its own agent had accepted the application and had left the gas meter open for the sole purpose of complying with the request, and the corporation had accepted the contract and entered it upon its books, would be to permit the defendant to shield itself by its own wrong.

The defendant was permitted to go to the jury upon the proposition that the failure to deliver gas was due to inadvertence, which was certainly as much as it had any right to claim; and the jury having found against it upon this point, as well as upon the merits generally, there is no reason for overthrowing the judgment. The charge of the court as to the law was clearly in favor of the defendant, and the criticism now urged is without force.

The statute imposes the penalty if the corporation "refuse or neglect to supply gas"; and, while it may be that a slight neglect in absolute good faith might be excused, the facts in this case would not seem to warrant a finding which would exempt the defendant from the penalty imposed by the statute. It is undisputed that the plaintiff went to the office and notified a man whom she found behind the desk of the cutting off of the supply of gas, and the defendant read the meter for months without a change, then changed the meter, and still read it for months without showing any consumption. In the ordinary course of business, a corporation supplying gas would look to find out why there was no consumption. It did make a change of

meters. It was in a position to know then, if not before, whether there was a compliance with the request for gas.

The judgment and order appealed from should be affirmed, with costs. All concur.